IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

---

| | | |
|---|---|---|
| VITO A. PESCE, on behalf of himself and all others similarly situated ) ) | | |
| Plaintiff ) | | 11-cv-1379 |
| ) | | |
| v. ) | | Judge Robert W. Gettleman |
| ) | | |
| FIRST CREDIT SERVICES, INC. ) dba ACCOUNTS RECEIVABLE ) TECHNOLOGIES ) | | Magistrate Judge Morton Denlow |
| Defendant. ) | | JURY DEMAND |

---

## AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1.  Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of First Credit Services, Inc. d.b.a. Accounts Receivable Technologies (hereinafter referred to as "Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without her prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA") and its practices under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The TCPA prohibits unsolicited voice calls to cellular telephones without prior express consent within the meaning of the TCPA. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), §1337 and 47 U.S.C. §227 (TCPA). Venue in this District is proper because defendant transacts

business here.

3. In addition to subject matter jurisdiction under the TCPA, this matter in controversy exceeds $5,000,000, as each member of the proposed Class is entitled to up to $500.00 and up to $1,500 in statutory damages for each call to cellular telephones that has violated the TCPA. First Credit has used its autodialer to call 6,381 persons located in Illinois 299,235 times. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1332(d)(2). Further, Plaintiff alleges an Illinois class and defendant is a New Jersey corporation headquartered in New Jersey and is thus a citizen of New Jersey. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

## PARTIES

4. Plaintiff Vito Pesce is, and at all times mentioned herein was, an individual citizen of the State of Illinois, who resides in the district.

5. Defendant is a New Jersey corporation that maintains its headquarters at One Woodbridge Center, Suite 410, Woodbridge, NJ 07095. Defendant maintains a registered agent in Illinois, Illinois Corporation Service Company. Defendant provides collection services on millions of defaulted accounts.

6. Defendant regularly uses the mail and telephone to attempt to collect consumer debt and is a debt collector under the FDCPA.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

7. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

2

8. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

9. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

10. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

**FACTS**

11. At all times relevant, plaintiff was an individual residing in the State of Illinois. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

12. Plaintiff did not list his cellular phone number in or on any other documents at anytime during the transaction that resulted in the debt owed, nor did he verbally provide his phone number to or consent to any calls on his cellular phone by defendant.

3

13. "During the transaction that resulted in the debt owed," plaintiff did not provide his wireless number to defendant nor otherwise provide express consent to receive prerecorded calls by defendant on plaintiff's cellular telephone.

14. Plaintiff did not provide his current cellular telephone at the time he incurred this debt, and he never provided the number to any subsequent creditor or defendant.

15. Defendant is, and at all times mentioned herein was, a corporation and a "person", as defined by 47 U.S.C. § 153(10).

16. Notwithstanding the fact plaintiff did not provide defendant with his cellular number, defendant contacted plaintiff on plaintiff's cellular telephone. Plaintiff received numerous calls on his cellular phone in March 2010.

17. All telephone contact by defendant to plaintiff on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this complaint occurred within four years of the filing of this complaint.

18. The telephone number that defendant used to contact plaintiff, with an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

19. The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Plaintiff did not provide "express consent" allowing defendant to place telephone calls to plaintiff's cellular phone utilizing an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

21. Defendant did not make telephone calls to plaintiff's cellular phone "for emergency purposes" placed by an "automatic telephone dialing system," as described in 47 U.S.C.

§ 227(b)(1)(A).

22. Defendant's telephone calls to plaintiff's cellular phone were placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

23. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on defendant to demonstrate that plaintiff provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

### COUNT I - TCPA (CELLULAR CALLS)

24. Plaintiff incorporates the above factual allegations herein.

25. Defendant made unsolicited commercial phone calls to the wireless telephone number of plaintiff and the other members of the class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

26. These phone calls were made without the prior express consent of plaintiff or the class.

27. Defendant has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ." As a result of defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

28. Because defendant's misconduct was willful and knowing, the Court should

pursuant to section 227(b)(3)(c), treble the amount of statutory damages recoverable by the plaintiff and the class.

29. Plaintiff and class members are also entitled to and do seek injunctive relief prohibiting defendant's violation of the TCPA in the future.

## CLASS ALLEGATIONS

30. Plaintiffs bring this claim on behalf of a class, consisting (1) all persons within the State of Illinois (2) who, on or after January 1, 2010 and on or before February 28, 2011 (3) received a non-emergency telephone call from Defendant to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and (4) where defendant's records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

31. Plaintiff represents, and is a member of, the Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

32. Plaintiff does not know the exact number of members in the Class, but based upon the representations of defendant, plaintiff reasonably believes that class members number at minimum in the thousands.

33. Plaintiff and all members of the class have been harmed by the acts of defendant.

34. This Class Action Complaint seeks money damages and injunctive relief.

35. The joinder of all class members is impracticable due to the size and

relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The class can be identified easily through records maintained by defendant.

36. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether defendant engaged in a pattern of using automated equipment to place calls to cellular telephones;

    b. The manner in which defendant obtained the cell phone numbers;

    c. Whether defendant thereby violated the TCPA;

37. As a person who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent within the meaning of the TCPA, plaintiff asserts claims that are typical of each class member. Plaintiff will fairly and adequately represent and protect the interests of the class, and she has no interests which are antagonistic to any member of the class.

38. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

39. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel defendant to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members,

by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

40. Defendant has acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, on information and belief, plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(1);

B. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

C. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

D. Such other relief as the Court deems just and proper.

Respectfully submitted,
Vito Pesce, Plaintiff

/s/ Keith J. Keogh
By His attorney

Keith J. Keogh
Craig Shapiro
Timothy Sostrin
Keogh Law, Ltd.
101 North Wacker Drive, Suite 605
Chicago, Illinois 60606
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/ Keith J. Keogh