# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

| | | |
|---|---|---|
| VITO A. PESCE, on behalf of himself and all others similarly situated | ) ) | |
| Plaintiff | ) | 11-cv-1379 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| FIRST CREDIT SERVICES, INC. dba ACCOUNTS RECEIVABLE TECHNOLOGIES | ) ) ) | Magistrate Judge Morton Denlow |
| Defendant. | ) | JURY DEMAND |

## PLAINTIFF'S MOTION TO QUASH

Plaintiff respectfully requests this Court enter an order quashing the subpoena directed at his wife, Laura Pesce, which is attached hereto as *Exhibit 1*. In support thereof, plaintiff states

1. Despite FCS admitting that it had no records showing that Mr. Pesce provided consent to call his cell phone and no record that *anybody* provided Mr. Pesce's cell phone/consent to FCS or the underlying creditor[1], FCS has sent a subpoena for to Mrs. Pesce. According to FCS, the deposition is needed to ask if she somehow gave consent to call Mr. Pesce's cell phone even though there is no record of any such conversation.

2. Yet, plaintiff's wife has already offered to provide FCS with an affidavit that she never gave FCS or the underlying creditor consent to call plaintiff's cell phone and that she has no knowledge of plaintiff ever providing that consent either. As such, plaintiff contends that the insistence on the deposition is solely to harass Mrs. Pesce and should be quashed.

3. As an initial matter "express consent is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof."

---

[1] *See* excerpts of Mr. Russo's deposition testimony attached hereto as *Exhibit 2* 131:17-25; 132

*Grant v. Capital Mgmt. Servs., L.P.*, 2011 U.S. App. LEXIS 18366, *3-4 (9th Cir. September 2, 2011), citing *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("2008 FCC Ruling"), 23 F.C.C.R. 559, 565 (Dec. 28, 2007). ("[W]e conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent."); *see also Donnelly v. NCO Fin. Sys.*, 263 F.R.D. 500, 503-04 (N.D. Ill. 2009)(Nolan, J.)*; Sengenberger v. Credit Control Servs.*, 2010 U.S. Dist. LEXIS 43874, *7-8 (N.D. Ill. 2010)(Zagel, J.).

4. Although, FCS has the burden to show consent, it should not be allowed to depose plaintiff's wife when there is no basis to do so, especially as plaintiff's wife has offered to provide FCS that she never gave FCS or the underlying creditor consent to call plaintiff's cell phone and that she has no knowledge of plaintiff ever providing that consent either.

5. "The burden is on the party seeking the discovery to demonstrate its propriety and need." *American Casualty Co. of Reading, Penn. v. Krieger*, 160 F.R.D. 582, 585 (S.D. Cal. 1995) *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); *Doubleday v. Ruh*, 149 F.R.D. 601, 613 (E.D. Cal. 1993).

6. There is no factual basis to depose Mrs. Pesce. To the extent that there is a plausible basis, Mrs. Pesce has mooted any basis by offering to provide an affidavit that FCS has

7. The Court has broad discretion when reviewing a discovery dispute and should independently determine the proper course of discovery based upon the arguments of the parties. *Gile v. United Airlines Inc.*, 95 F. 3d 492, 496 (7th Cir. 1996).

8. Defendant's subpoena is not reasonably calculated to lead to the discovery of admissible evidence as required by Federal Rule of Civil Procedure 26(b)(1).

**RULE 37 DISCUSSIONS**

9.	The parties had a variety of telephone conversations and e-mails regarding this matter, but have been unable to come to a resolution.  i.e. *Exhibit 3* E-mails between counsels.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order quashing the supbonea directed at his wife, Laura Pesce, which is attached hereto as *Exhibit 1*

Respectfully submitted,

/s/  Keith J. Keogh

Plaintiff's attorney

Keith J. Keogh

Craig Shapiro

Timothy Sostrin

Keogh Law, Ltd.

101 N. Wacker Dr., Ste. 605

Chicago, Illinois   60606

312.726.1092/312.726.1093 (fax)