# Keith J Keogh

| | |
|---|---|
| **From:** | Keith J Keogh <keith@keoghlaw.com> |
| **Sent:** | Wednesday, December 21, 2011 11:18 AM |
| **To:** | 'jvlahakis@hinshawlaw.com' |
| **Subject:** | RE: Pesce v FCS |

James,

I will talk to Mr. Pesce regarding the affidavit, but I don't see a problem with an affidavit that states she never gave the number and she has no knowledge whether Mr. Pesce gave it.

As far as rolling production, we have been waiting for this discovery for some time. It may be simpler to just file summary judgment and FCS can see how long the judge will give it to get additional discovery. My concern is that FCS is going to burn through a good portion of the insurance policy on costs of defense by looking for consent where it does not exist. So if I agree to extend discovery out further, FCS is still going to ask for more time if we file summary judgment.

As an aside, I believe since the insurance policy is a diminishing policy, the bad faith claim against the insurance company is even stronger. In other words, every dollar it spends on defense is leaving FCS who has a low net worth open to an additional dollar of liability.


```
Keith J. Keogh
Keogh Law, LTD.
101 N. Wacker Dr. Ste. 605
Chicago, Il 60606
312.780.7363 (Direct)
312.726.1092 (Main)
312.726.1093 (Fax)
```
Keith@KeoghLaw.com

---

**From:** jvlahakis@hinshawlaw.com [mailto:jvlahakis@hinshawlaw.com]
**Sent:** Wednesday, December 21, 2011 10:54 AM
**To:** Keith J Keogh
**Subject:** Re: Pesce v FCS


Keith.

What would you suggest that the affidavit say? You mentioned the spousal privilege (which I think only applies to criminal matters). In any event, assuming for the sake of argument that it applied here, how would you get around that? Would Mr. Pesce agree to waive it? I might be willing to go with an affidavit but I want her to speak directly as to whether she knows if Mr. Pesce gave his cell phone. Again, as to the alleged application of privilege, I'd be hard pressed to see a court barring some form of questioning where the key issue of this case is whether he consented. While Mr. Pesce generally testified that he did not recall giving the number to GMAC, it would be very important evidence if Mrs. Pesce (one way or the other) knows that he provided the information.

That's where my biggest concern is. I don't see how it is harassing to be deposed on a simple issue in less than an hour where millions of dollars are at stake. The fact that you protest so much worries me, what is Mr. Pesce trying to hide? Again, I don't see this as harassing, please offer me a simple explanation why it is. Of course, you're free to expand on that argument if we get into motion practice.

As for supplementation, I am reaching out for an additional cache of consent documents for you and the recent requests

we discussed.

Since the court seems to suggest that we need to administratively eliminate class members, it would appear reasonable to continue to do so on a rolling basis as we have been doing. With the holidays upon us, it's not going to be easy for me to get too much too you. That said, do you have a realistic drop dead date in mind in terms of us providing all consent based information to you and the recent requests we discussed?

-James

_____

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]

| | |
|---|---|
| **"Keith J Keogh" <keith@keoghlaw.com>**<br><br>12/19/2011 05:11 PM | To <jvlahakis@hinshawlaw.com><br>cc<br>Subject Pesce v FCS |

James,

To confirm our conversation today, FCS has again requested Ms. Pesce's deposition. Although I do not represent her, we discussed that I will file a motion for a protective order in this matter before you subpoena her, which will argue that the deposition is harassing as FCS has no basis to believe that she has any information relating to consent. Further, we again offer to provide this information in an affidavit.

Please advise when you are available to discuss this matter further so we can work out an agreed schedule.

Also please advise where you are on supplementing discovery including an updated spreadsheet for the putative class, the dates the dialer systems were used and the other material requested.

```
Keith J. Keogh
Keogh Law, LTD.
101 N. Wacker Dr. Ste. 605
Chicago, Il 60606
312.780.7363 (Direct)
312.726.1092 (Main)
312.726.1093 (Fax)
```
Keith@KeoghLaw.com

PRIVILEGED COMMUNICATION

This e-mail and any attachments may contain confidential material or other matters protected by the attorney- client privilege. Unless you are the addressee (or authorized by the addressee to receive this e-mail for the

        addressee) you may not copy, use or distribute it.  If you received this e-mail in error, please contact the sender.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.