**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| VITO A. PESCE, on behalf of himself and all others similarly situated ) | ) | |
| Plaintiff | ) | 11-cv-1379 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| FIRST CREDIT SERVICES, INC. dba ACCOUNTS RECEIVABLE TECHNOLOGIES | ) ) ) | Magistrate Judge Morton Denlow |
| Defendant. | ) | JURY DEMAND |

**PLAINTIFF'S AMENDED MOTION TO QUASH**

Plaintiff respectfully requests this Court enter an order quashing the subpoena directed at his wife, Laura Pesce, which is attached hereto as *Exhibit 1*. In support thereof, plaintiff states

1. Plaintiff brought this action after receiving calls from an autodialer to his cell phone from numbers known to be owned by First Credit Services, Inc. d/b/a Accounts Receivable Technologies (hereinafter referred to as "FCS" or "Defendant"). FCS is a debt collector. Plaintiff did not consent to receive calls from FCS to his cell phone. Plaintiff alleges that defendant violated the Telephone Consumer Protection Act ("TCPA").

2. In this case, FCS bears the burden to show that the wireless number was *provided by the consumer to the creditor*, and that such number was provided during the transaction that resulted in the debt owed.[1] *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("2008 FCC Ruling"), 23 F.C.C.R. 559 at ¶ 10 (Dec. 28, 2007)(Emphases added).

3. FCS has admitted that it had no records showing that Mr. Pesce provided consent to

---

[1] The FCC ruling is binding. *See CE Design, Ltd. v. Prism Business Media, Inc.*, 606 F. 3d 443, 446 (7th Cir. 2010) (applying Hobbs Act to FCC interpretation of TCPA).

call his cell phone and no record that *anybody* provided Mr. Pesce's cell phone/consent to FCS or the underlying creditor.[2]  Further in granting class certification, Judge Gettleman found that there is nothing in FCS' or the underlying creditors "records to suggest that plaintiff consented to be called." Doc. 71, p. 2. A copy of the order granting class certification is attached hereto as *Exhibit 3*.

      4.     Despite admitting that it has no evidence to even *suggest* consent relating to plaintiff, FCS has sent a subpoena for to Mrs. Pesce. According to FCS, the deposition is needed to ask if she somehow gave consent to call Mr. Pesce's cell phone even though there is no record of any such conversation.

      5.     Yet, plaintiff's wife has already offered to provide FCS with an affidavit that she never gave FCS or the underlying creditor consent to call plaintiff's cell phone and that she has no knowledge of plaintiff ever providing that consent either. As such, plaintiff contends that the insistence on the deposition is solely to harass Mrs. Pesce and should be quashed.

      6.     Because FCS has the burden to that consent was provided as part of the original transaction, it should not be allowed to depose plaintiff's wife when it is unrebuked that consent was not provided as part of the original transaction. It appears that FCS is hoping that Mrs. Pesce will somehow testify that she later gave consent to call Mr. Pesce's cell phone. Putting aside the fact that neither FCS nor the underlying crediter have any records of any such call as well as the fact that she offered an affidavit attesting to the opposite, any such consent is irrelevant as it does not meet the requirements that consent be provided as part of the original

---

    [2] *See* excerpts of Mr. Russo's deposition testimony attached hereto as *Exhibit 2* 131:17-25; 132

transaction.

7. "The burden is on the party seeking the discovery to demonstrate its propriety and need." *American Casualty Co. of Reading, Penn. v. Krieger*, 160 F.R.D. 582, 585 (S.D. Cal. 1995) *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); *Doubleday v. Ruh*, 149 F.R.D. 601, 613 (E.D. Cal. 1993).

8. There is no factual basis to depose Mrs. Pesce. To the extent that there is a plausible basis, Mrs. Pesce has mooted any basis by offering to provide an affidavit to FCS.

9. In addition, the subpoena requires Mts. Pesce to produce over 7 years of telephone records, which is over burdensome and irrelevant as telephone records would not shed any light on what was said during any conversation. The subpoena also requires Mrs. Pesce to produce plaintiff's telephone records, which is a blatant attempt to end run the discovery rules and the time frame that Mr. Pesce has to produce documents or objections.

10. The Court has broad discretion when reviewing a discovery dispute and should independently determine the proper course of discovery based upon the arguments of the parties. *Gile v. United Airlines Inc.*, 95 F. 3d 492, 496 (7th Cir. 1996).

11. Defendant's subpoena is not reasonably calculated to lead to the discovery of admissible evidence as required by Federal Rule of Civil Procedure 26(b)(1) and should be quashed.

**RULE 37 DISCUSSIONS**

12. The parties had a variety of telephone conversations and e-mails regarding this matter, but have been unable to come to a resolution. i.e. *Exhibit 4* E-mails between counsels.

3

WHEREFORE, Plaintiff respectfully requests that this Court enter an order quashing the supbonea directed at his wife, Laura Pesce, which is attached hereto as *Exhibit 1*

Respectfully submitted,

/s/  Keith J. Keogh
Plaintiff's attorney

Keith J. Keogh
Craig Shapiro
Timothy Sostrin
Keogh Law, Ltd.
101 N. Wacker Dr., Ste. 605
Chicago, Illinois   60606
312.726.1092/312.726.1093 (fax)