IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| VITO A. PESCE, on behalf of himself and all others similarly situated | ) ) | |
| Plaintiff | ) | 11-cv-1379 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| FIRST CREDIT SERVICES, INC. dba ACCOUNTS RECEIVABLE TECHNOLOGIES | ) ) ) | Magistrate Judge Morton Denlow |
| Defendant. | ) | JURY DEMAND |

**PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY**

Plaintiff respectfully requests that this Court enter an order to compel First Credit Services Inc., ("FCS") to supplement the following discovery: (1) an updated spreadsheet for putative class members; (2) all documents and communications relating to training by Global or Livox (3) contracts between FCS and each creditor that hired FCS to collect its debts and (4) for FCS to provide dates when it used each dialer. In support of this motion, plaintiff states:

**I.    Relevant Facts**

1.    Plaintiff brought this action after receiving calls from an autodialer to his cell phone from numbers known to be owned by First Credit Services, Inc. d/b/a Accounts Receivable Technologies (hereinafter referred to as "FCS" or "Defendant"). FCS is a debt collector. Plaintiff did not consent to receive calls from FCS to his cell phone. Plaintiff alleges that defendant violated the Telephone Consumer Protection Act ("TCPA").

2.    On June 24, 2011, plaintiff served a Rule 30b(6) notice on defendant for July 5-6, 2011. After two orders compelling defendant to produce its Rule 30b(6) deponent, the deposition was finally taken on November 17, 2012.

3.      During the Rule 30b(6) deposition and numerous times thereafter, plaintiff has requested that FCS supplement the following of discovery: its spreadsheet for putative class members as the Rule30(b)6 witness asserted that the spreadsheet previously produced was not correct; Contracts with Global & Livox, which are the companies that provided the dialing systems used by FCS, all documents and communications relating to training by Global or Livox; and contracts between FCS and each creditor that hired FCS to collect its debts and for FCS to provide dates when it used each dialer.

4.      On December 8, 2011, FCS agreed to supplement this discovery.[1] See *Exhibit 1*. However, besides producing the Global & Livox contracts, it has not supplemented any other discovery or responded to the last several requests for dates certain to do so despite plaintiff informing it that he would have no choice, but to compel this information. See *Exhibit 2*.

5.      On December 19, 2012, Judge Gettleman granted plaintiff's motion fo class certification. Doc. 71. Currently plaintiff is preparing his motion for summary judgment, but requires defendant to supplement discovery as promised and has ignored the last several requests for this information.

6.      Thus, despite reasonable attempts by plaintiff in good faith pursuant to FRCP 37(a)(2)(A),(B) to work out an agreement concerning the discovery requests, the parties have been unable to resolve their differences.

WHEREFORE, plaintiff requests that this Court enter an order to compel First Credit Services Inc. to supplement its discovery to provide an updated spreadsheet for putative class

---

[1] The parties have also entered into a stipulation providing a cut off of February 22, 2012 for defendant to produce any consent discovery.

members, all documents and communications relating to training by Global or Livox, contracts between FCS and each creditor that hired FCS to collect its debts and for FCS to provide dates when it used each dialer.

Respectfully submitted,

/s/  Keith J. Keogh
Plaintiff's attorney

Keith J. Keogh
Craig Shapiro
Timothy Sostrin
Keogh Law, Ltd.
101 N. Wacker Dr., Ste. 605
Chicago, Illinois   60606
312.726.1092 (office)
312.726.1093 (fax)