## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| VITO A. PESCE, on behalf of himself and all others similarly situated<br>Plaintiff<br><br>v.<br><br>FIRST CREDIT SERVICES, INC. dba<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 11-cv-1379<br><br>Judge Robert W. Gettleman<br><br>Magistrate Judge Morton Denlow |

### DEFENDANT'S MOTION TO STAY AND/OR EXTEND DISCLOSURE OF CONSENT BASED DEFENSES TO THE PENDING CERTIFIED CLASS

NOW COMES Defendant, FIRST CREDIT SERVICES, INC. dba ACCOUNTS RECEIVABLE TECHNOLOGIES ("FCS"), by and through its undersigned attorneys, and moves for the entry of a minute order staying and/or extending the disclosure of Defendant's consent based defenses to the pending certified class, and in support states as follows:

### I.     Introduction

1.     Plaintiff has filed a class action claim for an alleged violation of the Telephone Consumer Protection Act ("TCPA")[1] in relation to three debt collection related telephone calls that were made by Defendant to Plaintiff's purported cell phone.  On August 17, 2011, Plaintiff filed his Amended Complaint and renewed his motion for class certification. Dkt. 25, 27.  The Amended Complaint reduced the proposed four-year nationwide class to a 13 month Illinois

---

[1]     The TCPA makes it unlawful "for any person … to make any call (other than a call … made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. §227(b)(1)(A)(iii).     The Federal Communications Commission ("FCC") has determined that when a debtor gives his phone number *to a creditor in connection with a debt*, the debtor consents to receive auto-dialed and prerecorded message calls regarding the debt at the number provided.  FCC Declaratory Ruling No. 07-232, ¶ 9.  Plaintiff claims that Defendant called his cell phone ending in 9705 without his express consent.

based class.  Defendant filed its opposition to class certification on September 8, 2011.  Dkt. no. 36.

2.     Among other things, Defendant argued that Plaintiff was an inadequate class member because Defendant had received Plaintiff's cell phone from Plaintiff's creditor.  *See, e.g., Cunningham v. Credit Mgmt. L.P.,* 2010 WL 3791104 (N.D. Tex. 2010) (treating creditor's possession of debtor's cell phone number as evidence that debtor consented to receive debt collector's auto-dialed calls).[2]

3.     On December 19, 2011, the District Court granted Plaintiff's class certification motion.  In rejecting Defendant's argument that it had consent to call Plaintiff, Judge Gentleman made the following finding of fact:  "The record, however, does not support defendant's characterization of the facts.  Plaintiff's telephone number is not found in either defendant's or GMAC's records."  Dkt. 71, p. 2.

4.     Shortly after Judge Gettleman's December 19, 2011, ruling, the parties stipulated that Defendant would produce consent based discovery by February 22, 2012, and that Plaintiff would file his motion for summary judgment on February 29, 2012.  See Dkt. 72 (December 22, 2012, Stipulation).[3]  In discovery responses, Defendant has identified approximately 6,381 cell phone numbers (i.e., potential class members) that were called during class period of January 1,

---

[2]     It is undisputed that Defendant obtained the plaintiff's phone number from plaintiff's creditor and that Defendant's did not skip trace or call capture plaintiff's number.  Dkt. 36-7, Declaration of Frank Russo, ¶ 23 ("When Nuvell/GMAC transmitted this account for collection to FCS, it provided two numbers as Plaintiff's contact number:  847-XXX-9705 and 312-XXX-1331.", citing to Exhibits D and E of Russo's declaration).  A copy of Russo's Declaration is attached as Exhibit A.

[3]     The stipulation provides as follows:  "FCS stipulates that it has until February 22, 2012 to supplement its discovery responses to show consent as to the class and that failure to do so will be an absolute bar to later introducing evidence of consent as to those class members" and "Plaintiff would then file its motion for summary judgment on February 29, 2012, that FCS would respond by March 30, 2012; and that Plaintiff would file its reply by April 20, 2012."

130276619v1  0922494

2010 and February 28, 2011.  Of those numbers, 6,127 were provided to Defendant by the underlying creditors.  Defendant has estimated that it would take 4 to 45 minutes for Defendant to examine relevant document to determine if consent exists.[4]  In accordance with the stipulation, Defendant began to gather contracts, applications and related records from its creditor clients to demonstrate that the creditors (and Defendant) had consent to call the proposed class members. Defendant needed to request these documents because creditors typically only provide contact information and the amount of the debt via electronic placement records. Defendant has received documentation from clients and is in the process of reviewing the documentation and gather additional records.

5.      On January 30, 2012, Defendant filed a Motion to Reconsider class certification. In relevant part, Defendant asked Judge Gettleman to reconsider his ruling based upon the fact that Plaintiff's cell phone *appears in the creditor's records and the creditor transmitted his cell phone number to Defendant*.  Dkt. 81, pp. 4-5 (Exhibit B).  In light of these facts, Defendant asked Judge Gettleman to reconsider his order and apply *Cunningham v. Credit Mgmt. L.P.,* 2010 WL 3791104 (N.D. Tex. 2010) to hold that Plaintiff consented to being called on his cell phone.

6.      When Defendant presented its Motion to Reconsider on February 2, 2012, Judge Gettleman and the parties talked at length about what was contained in the record.  During the discussion on the record, the parties and Judge Gettleman discussed the pending motion's impact on Plaintiff's adequacy as a class member.  After much back and forth, Judge Gettleman stated that he wanted to make sure that he had correctly ruled on this issue.  Accordingly, Judge

---

[4]      While it is possible that 3,010 district class members exist out of the 6,127 cell phones, Defendant is currently operating under the assumption that it may have called 6,381 cell phones during the class period based upon a cell phone scrub performed after the lawsuit was filed.

Gettleman ordered Plaintiff to respond to Defendant's Motion to Reconsider by February 16, 2012, with a reply date of February 23, 2012. Dkt. 84. A ruling date was set for March 8, 2012.

7.     When defense counsel suggested that a stay or extension of consent based discovery would support judicial economy, Judge Gettleman indicated that the motion should be brought before this Court. As set forth below, Defendant requests that this Honorable Court stay or extend the production due date of consent based documents.

**II.     Argument**

8.     Granting a stay or an extension is consistent with FRCP 1, which provides that the Federal Rules of Civil Procedures "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Here, Defendant is attempting to comply with its stipulated due date and at the same time it is asking Judge Gettleman to rule that Plaintiff is an inadequate consent member based upon the existence of his cell phone in the creditor's records. *See, e.g., Cunningham,* 2010 WL 3791104 (treating creditor's possession of debtor's cell phone number as evidence that debtor consented to receive debt collector's auto-dialed calls).

9.     Plaintiff will likely oppose this Motion by arguing that discovery was issued in May of 2011. While class based discovery was issued at that time, Plaintiff's argument is ineffective for several reasons. First, Defendant initially objected to producing any class based discovery, and in particular objected to producing any evidence of consent until such time as the proposed class was certified. Defendant refused to produce class based discovery because it believed that such discovery was burdensome and premature absent a certified class. Significantly, Plaintiff has never moved to compel consent based discovery.

130276619v1 0922494

10.     Defendant has estimated that it may take 4 to 45 minutes to review records to identify consent.  Dkt. 36-7, Declaration of Frank Russo, ¶ 20 (attached as Exhibit C).  Given the exorbitant cost associated with examining each and every record to ascertain whether consent exists, Defendant properly believed that the most prudent course of action would be to *defer* review of these records *until such time as the court ruled against it on class certification*.  This was a proper course of action given the fact that Defendant has a declining defense policy – meaning that any defense costs spent on conducting consent based discovery would reduce the policy limits.  Accordingly, if Defendant reviewed the necessary documentation, *prior* to a ruling on class certification, and the district court denied certification, Defendant would have wasted tens of thousands of dollars.

11.     Additionally, Defendant declined to cull through consent based discovery based upon its belief that Plaintiff lacked standing to assert a claim because his cell phone number was contained within his creditor's records.  Accordingly, until Judge Gettleman ruled on class certification (which he is now reconsidering), it was not proper for Defendant to spend over tens if not hundreds of thousands of dollars culling through documents to demonstrate consent.[5]

12.     Because the creditor's record reflects that Plaintiff's cell phone number was provided to Defendant via a creditor, Defendant has asked Judge Gettleman to reverse its order granting certification under the authority provided by *Cunningham v. Credit Mgmt. L.P.,* 2010 WL 3791104 (N.D. Tex. 2010) (creditor's possession of debtor's cell phone number as evidence that debtor consented to receive debt collector's auto-dialed calls).

---

[5]     While it is relatively easy for a few thousand telephone calls to burn through a two million dollar insurance policy at $500 per phone calls, it is just as easy for legal fees to add up in inspecting records, preparing spread sheets and battling opposing counsel on whether the documents demonstrate consent. As Mr. Russo's declaration demonstrates, just the review of each account may take anywhere from 4 to

5

13.     In light of the pending Motion to Reconsider, Defendant should not be required to expend further defense costs on culling and searching through creditor records for consent. Accordingly, a brief stay until such time as Judge Gettleman has ruled on the pending Motion to Reconsider is appropriate and consistent with FRCP 1.  To the extent that Judge Gettleman denies the Motion to Reconsider, defendant proposes to produced consent based records 21 days after the ruling.  If Judge Gettleman grants the Motion to Reconsider, consent based discovery should be deferred and/or stayed until such time as the parties are at issue with whether another person can represent the purported class.

14.     One additional issue should be considered in deciding this motion.  Despite due diligence, and the staffing of several persons with task of gathering and reviewing records, Defendant may not be able to review all of the records by the February 22, 2012 due date.  One unexpected wrinkle has recently surfaced.  An employee of Defendant who was appointed as the head of the consent based data collection unintentionally issued a directive call for the production of records *outside of the class period*.  Rather than seeking records from creditors for calls placed during the 13 month class period (which had initially identified just over 6,000 cell phone numbers and possibly 3,000 class members), the unilaterally asked creditor/clients for over 16,000 individual records.   Before this error was noticed, the creditors had started to compile and produce the subject records which fell outside of the class period.  Defense counsel learned of this issue on or about February 3, 2012.

15.     While Defendant thought it would be able to cull through the data to eliminate the records that fall outside the class period, it proven extremely difficult for Defendant to do so. For example, while the class consists of calls placed between January 1, 2010 and February 28,

---

45 minutes depending on the amount of documentation to review.  Dkt. 36-7, Declaration of Frank Russo,

130276619v1 0922494

2011, the underlying contracts (and the documents which may demonstrate consent) are from different time periods. By unintentionally gathering contracts where calls were placed before or after the class period, Defendant has been required to expend considerable time and effort to cull these records from the proper class period. This process has delayed the main task, which is to identify class based consent for calls placed between January 1, 2010 and February 28, 2011. Given this unintentional error, Defendant needs additional time to review the subject records. While defense counsel thought it was possible for Defendant to overcome the inclusion of unnecessary records prior to the due date for consent based discovery, it does not appear possible under the current time frame, short of hiring addition works (who would further reduce the insurance policy). Moreover, if the current deadline cannot be met, the class will improperly contain persons who consented to being called. The inclusion of these persons will only serve to reduce the possible recovery of any actual class members.

16.     Given the declining defense policy, Defendant should not be forced to remedy this unintentional error by hiring and/or utilizing additional temporary staff to review the subject documents. Finally, no harm or prejudice will result to Plaintiff or the class if a brief stay or extension is granted.

### III.    Conclusion

17.     FRCP 1 states that the Federal Rules of Civil Procedures "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." While the parties stipulated that Defendant would produce consent based discovery by February 22, 2012 and that Plaintiff would file for summary judgment by February 29, 2012, the pending motion to Reconsider constitutes "good cause" for this Court to stay or extend the

---

¶ 20 (Exhibit A).

130276619v1 0922494

consent based discovery due date.  Further, the unfortunate over-inclusion of documentation also demonstrates "good cause" to stay or extend the consent based discovery due date.

WHEREFORE, for the reasons set forth above, Defendant FIRST CREDIT SERVICES, INC. respectfully requests that this Honorable Court grant its motion to stay and/or extend the disclosure of consent based documents, until such time as Judge Gettleman rules, and grant it any other just relief.  To the extent that Judge Gettleman denies the motion to reconsider, Defendant seeks a 21 day extension of time to produce consent based discovery.

By: /s/*James C. Vlahakis*
James C. Vlahakis
One of the Attorneys for Defendant,
FIRST CREDIT SERVICES, INC. dba
ACCOUNTS RECEIVABLE TECHNOLOGIES

David M. Schultz
James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No:  (312) 704-3000
Fax No:  (312) 704-3001
dschutlz@hinshawlaw.com
jvlahakis@hinshawlaw.com

130276619v1  0922494

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2012, I electronically filed the above notice of motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ James C. Vlahakis

James                                    C.                                    Vlahakis
Hinshaw & Culbertson LLP
Attorney for Defendant
222 North LaSalle, Suite 300
Chicago, IL 60601
tel 312-704-3715

130276619v1 0922494