**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VITO A. PESCE, on behalf of himself and all others similarly situated<br>　　　　Plaintiff<br><br>　　　v.<br><br>FIRST CREDIT SERVICES, INC. dba<br>　　　　Defendant. | 11-cv-1379<br><br>Judge Robert W. Gettleman<br><br>Magistrate Judge Morton Denlow |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY AND/OR EXTEND DISCLOSURE OF CONSENT BASED DEFENSES TO THE PENDING CERTIFIED CLASS**

Defendant, FIRST CREDIT SERVICES, INC. dba ACCOUNTS RECEIVABLE TECHNOLOGIES ("FCS"), by and through its undersigned attorneys, submits the following Reply in Support of its motion to stay and/or extend the disclosure of Defendant's consent based defenses to the pending certified class:

**I.　　Introduction**

Plaintiff's response in opposition to Defendant's motion to stay and/or extend is without merit because relies on nothing more than hysterical speculation and unsupported arguments. As a general matter, it neglects to consider the considerable time, effort and cost associated with procuring, analyzing and producing class based consent. Plaintiff's response also ignores the fact that there was no need for Defendant to undertake these enormous tasks until such time as the district court granted Plaintiff's Motion for Class Certification on December 19, 2011. To suggest otherwise would require Defendant to incur tens of thousands of dollars of attorney time in reviewing the subject data. That is not a good use of resources in light of this economy and the stated purpose of FRCP 1 which states that the Federal Rules of Civil Procedures "should be

2

construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Accordingly, Defendant's Motion should be granted.

**II.     Argument**

**A.     The Present Stipulation is Not "Binding" As Plaintiff Suggests**

Plaintiff first argues that "stipulations are binding."  Dkt. no. 88, p. 2.  This argument is misplaced as all of the authorities cited by Plaintiff which generally talk about evidentiary stipulations, and not self-imposed discovery deadlines.  Accordingly, Plaintiff's citations are not on point.  Rather, the question is whether under the circumstances, Defendant has presented a good faith argument to extend its self-imposed deadline the time to produce class based discovery.  The "good cause" standard applies given the nature of the stipulation (a discovery stipulation – not an evidentiary stipulation of fact) and interplay with FRCP 16(b).  *See, e.g., United States v.1948 S. Martin Luther King Drive,* 270 F.3d 1102, 1110 (7th Cir.2001). Fed.R.Civ.P. 16(b) provides that the "schedule shall not be modified except upon a showing of good cause and by leave of the district judge...."  *Lackey v. Biomet Inc.*, 2011 WL 672589 N.D. Ind. 2011) (citing cases).  Further, FRCP 26(c)(1) provides, in pertinent part, that "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ... including ... forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."  Consistent with FRCP 26(c)(1), defendant is seeking to protect itself from expensive and burdensome litigation by seeking this brief stay and/or extension.

Plaintiff's reliance on *Riley v. Walgreen Co.*, 233 F.R.D. 496 (S.D. Tex 2005) is misplaced.  There, the court refused to vacate the stipulated deadline to answer interrogatories where the movant sought  "to excuse this non-compliance by its inadvertent failure to 'calendar'

the deadline." According to the court, "[t]his type of omission does not constitute good cause for failure to assert a timely objection under Rule 33(b)(4)." *Id.* at 500. While it is one thing for a party to waive objections to interrogatories where it fails to seek to vacate the deadline prior to its expiration, the facts here are different. Defendant is simply seeking additional time to comply with its obligations to *properly identify class members* under Rule 23.

Significantly, the parties' stipulation does not state that not extensions will be granted. While Plaintiff appears to suggest that an "absolute bar" should be interpreted to preclude any extension, no such words are stated. In fact, in prior court appearances before this Court and Judge Gentleman, defense counsel suggested that an extension might be necessary. Notably, aside from the pending Motion to Reconsider, unforeseen circumstances have required Defendant to seek this extension. As discussed in Defendant's Motion and as highlighted below, defense counsel learned that Defendant requested too many records when it issued document requests to its creditor clients. While Plaintiff criticizes Defendant for not identifying when it learned of its error, Plaintiff's argument missed the mark. Defendant did not learn of its error until it communicated the scope of its discovery to defense counsel. When defense counsel was made aware of this error on February 2, 2011, defense counsel immediately pointed out this error to Defendant. Accordingly, it was not until February 2, 2011, that Defendant learned of its error.

Even if this self-imposed discovery deadline was "binding", the facts demonstrate that "manifest injustice" will exist if Defendant is not allowed to extend to stay this date. As Defendant has noted, one of its employees in charge of the collection of this data inadvertently requested information outside of the class period. Accordingly, it follows that the potential failure to meet the deadline of the stipulation was caused through inadvertence and/or based on an erroneous view of the time frame of the class period.

3

Further, a manifest injustice will result if an extension or stay is not granted because in all likelihood, damages might be paid out to class members who are not properly members of the class (i.e., persons who actually consented to being called by placing their numbers on credit applications and contracts). Simply stated, it would be unjust to allow the insurance policy to be depleted by paying out claims to persons who are not class members. At the same time, it would be unjust to require Defendant to expend tens of thousand dollars of legal fees if defense counsel are required to utilize additional legal staff to analyze and produce records. In this regard, Plaintiff is incorrect that the insurance policy will not be depleted. Legal fees will deplete the policy.

    **B.**    **Plaintiff Has Distorted the Record**

Plaintiff attempts to argue that Defendant's 30(b)(6) witness testified that does not *have* consent for 95% of the class. Dkt. 88, p. 4. That is an absolutely inaccurate recitation of the record. First of all, at the time of the 30(b)(6) deposition, Defendant had undertaken a review of the skip traced individuals to identify consent. At the time of the deposition, Defendant was continuing to object to producing class based discovery which it believed was premature prior to a ruling on class certification. Footnote 2 of Plaintiff's motion tries to distort the record by suggesting that Defendant had somehow agreed to undertake full-blow class discovery. That is simply not the case. Rather, Defendant had undertaken an analysis of the skip trace class in an effort to demonstrate to class counsel that even where it had to skip trace a debtor's number, the underlying contract contained the debtor's number – and therefore consent existed.

Another reason Defendant focused on the skip trace class is because Plaintiff demanded the productions of the skip trace list (Plaintiff did not seek to compel the purported class list until just recently). Once Plaintiff had obtained the skip trace class list, it was Defendant's goal to

4

demonstrate that consent would exist for the skip trace class. And if consent existed for skip traced numbers, it is more than likely that consent would exist at even higher percentages where Defendant relieved the debtor's number from the creditor and was not required to skip trace the debtor.

Whether Defendant violated prior discovery orders (as Plaintiff's suggests) or that Plaintiff has brought three motions to compel is beside the point. The issue before the Court today is whether Defendant should be required to deplete its insurance policy while a Motion to Reconsider is pending and while it must sort through erroneously collected data from outside the class period. Plaintiff and the class will suffer no harm from the short stay or extension that has been requested.

### C. Plaintiff Has Misconstrued the Motion to Reconsider

Plaintiff seeks to short-circuit Defendant's present motion by attempting to argue that the Motion to Reconsider has no merit. Plaintiff even goes so far as to suggest that defense counsel filed the Motion to Reconsider as an "excuse" to seek an extension. There is no merit to either argument.

First of all, the district court's order does not contain a simple scrivener's error as Plaintiff suggests. Dkt. 88, p. 5. If that were the case, the district court would have simply corrected the error when the Motion to Reconsider was presented. Moreover, Plaintiff's response misstates the nature of the Motion to Reconsider. In addition to asking the district court to correct the record, Defendant has asked the district court to reevaluate the issue of consent and to revaluate its holding that a class action satisfies the elements of FRCP 23. Specifically, Defendant argues that the fact intensive nature of Defendant's standing argument may apply to each and every class member, thereby demonstrating that predominance is not satisfied.

130276619v1 0922494

Contrary to Plaintiff's argument at page 11 of his opposition, it is appropriate for Judge Gettleman to consider "defense for every single class member much the same way [Defendant] has attempted to find consent as to plaintiff." Given the fact intensive nature that must be applied, Defendant believes that Judge Gettleman will reverse his order granting class certification.

While Plaintiff has tried to minimize these issues by suggesting to this Court that the pending Motion to Reconsider should be denied, respectfully, the merits of the Motion to Reconsider are not before this Court. Rather, after considerable oral argument, Judge Gettleman stated that he wanted additionally briefing to make sure that he got the issue "right." Whether or not to apply *Cunningham v. Credit Management, LP*, 2010 WL 3791104 (N.D. Tex. 2010) - to support Defendant's contention that the existence of Plaintiff's telephone number in GMAC's records establishes consent - is an issue for Judge Gettleman to consider – and only when the Motion to Reconsider if fully briefed. Accordingly, all that this Court should consider if whether it is appropriate to stay or extend the disclosure date while the motion is pending.

It is significant to note that Plaintiff's own testimony is less than clear. As noted at page 8 of Plaintiff's opposition, Plaintiff testified that: "I believe I never provided my cell phone number." Despite this "maybe I did, maybe I didn't" testimony, Plaintiff has threatened to bankrupt Defendant and confiscate its assets if the class award exceeds what is left of the insurance policy. Before that happens, Defendant should have ample opportunity to allow Judge Gettleman to consider the pending Motion to Reconsider. At the same time, Defendant should have ample time to demonstrate consent as to the other class members should Judge Gettleman deny the Motion to Reconsider.

130276619v1 0922494

### III. Conclusion

Given defense counsel's experience with this Court over the years, and his obligation as an officer of this Court, it should be obvious to this Court that there is not merit to Plaintiff's argument at page 11 of his opposition that Defendant has "attempt[ed] to enlarge the class to show that its task is greater than it is in order to fabricate an excuse on why it needs more time." Rather, in the interests of justice, unbeknownst to Defendant or defense counsel, the in-house employee assigned with the task of collecting data inadvertently caused extraneous data to be collected. This error was not deliberately undertaken to create sympathy or to cause delay. To suggest otherwise is insulting and arguably skirts Rule 11 to the extent that Plaintiff has no basis in fact to suggest that Defendant or defense counsel concocted a plot to delay class discovery.

In the end, no prejudice will result to Plaintiff from granting the relief sought by this motion. If this motion is denied, Defendant will suffer prejudice because it will be required to deplete its policy by having defense counsel's firm expend hundreds of hours to review the discovery prior to the closure data. That result is consistent with FRCP 1.

WHEREFORE, for the reasons set forth above, Defendant FIRST CREDIT SERVICES, INC. respectfully requests that this Honorable Court grant its motion to stay and/or extend the disclosure of consent based documents, until such time as Judge Gettleman rules, and grant it any other just relief. To the extent that Judge Gettleman denies the Motion to Reconsider, Defendant seeks a 21 day extension of time to produce consent based discovery.

By: /s/*James C. Vlahakis*
James C. Vlahakis

One of the Attorneys for Defendant,
FIRST CREDIT SERVICES, INC. dba
ACCOUNTS RECEIVABLE TECHNOLOGIES

130276619v1 0922494

David M. Schultz
James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No:  (312) 704-3000
Fax No:  (312) 704-3001
dschutlz@hinshawlaw.com
jvlahakis@hinshawlaw.com

130276619v1  0922494

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2012, I electronically filed the above notice of motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ James C. Vlahakis
James C. Vlahakis
Hinshaw & Culbertson LLP
Attorney for Defendant
222 North LaSalle, Suite 300
Chicago, IL 60601
tel 312-704-3715

130276619v1 0922494