IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

---

| | | |
|---|---|---|
| VITO A. PESCE, on behalf of himself and all others similarly situated ) ) | | |
| Plaintiff ) | 11-cv-1379 | |
| ) | | |
| v. ) | Judge Robert W. Gettleman | |
| ) | | |
| FIRST CREDIT SERVICES, INC. ) dba ACCOUNTS RECEIVABLE ) TECHNOLOGIES ) | Magistrate Judge Morton Denlow | |
| Defendant. ) | JURY DEMAND | |

---

**PLAINTIFF'S MOTION TO STRIKE
OR ALTERNATIVELY FOR LEAVE TO FILE A SUR-REPLY**

Plaintiff hereby respectfully requests that the Court strike Exhibits A (Doc 93-1) and B (Doc. 93-2) to FCS's reply in support of its motion for reconsideration, or in the alternative, requests that Plaintiff be permitted leave to file a sur-reply after obtaining discovery necessary to rebut FCS's interpretation of this "evidence," which Plaintiff has never even been afforded the opportunity to see. In support hereof, Plaintiff states:

1.  In FCS' sur-reply for class certification, FCS finally conceded that it did not have any evidence that plaintiff provided his cell number to GMAC (the original creditor) or FCS or otherwise consented to be called on his cell number. Doc 58 ("Conveniently for Plaintiff, Group Exhibit 2 [GMAC's records] does not specifically identify how GMAC obtained Plaintiff's number.2 ") FCS' president who reviewed GMAC's records and asserts that he has complete familiarity with GMAC's records admitted that the records did not show any evidence that plaintiff provided his cell phone to GMAC or FCS. Doc. 91 at Exhibit 2 - FCS's 30(b)(6) Deposition *at 131:17-25; 132*.

2.  After this Court certified the class, FCS filed a motion to decertify that simply repeated its arguments raised in it opposition to class certification. Yet, it files a reply that attempts

to argue that the same records that it previously relied on, now somehow reveal that plaintiff *may* have provided his cell number to Saab. It does this by attempting to *interpret* GMAC's records by asserting that an agent from GMAC/Saab *may* have asked plaintiff to confirm his telephone number, but conveniently ignores the fact that the record at issue states "cid" which stands for caller id.

3. Putting aside the fact that FCS' new "evidence" contradicts the actual record it is relying on, contradicts plaintiff's and his wife's testimony, FCS' exhibits are improper and should be stricken.

4. FCS's reply improperly and unfairly rests upon an **unsigned** declaration from a witness (Lynd Zitka) who was **never identified in FCS's Rule 26(a)(1) disclosures or discovery documents** and is therefore completely unknown to Plaintiff. Yet, "federal courts cannot consider the contents of unsigned affidavits." *Iron Workers' Local 25, Pension Fund v. Sova Steel, Inc.*, 2010 WL 3123277, *3 (E.D. Mich. 2010); *see also Markel v. Board of Regents of University of Wisconsin System*, 276 F.3d 906, 912 (7th Cir. 2002) ("Jeffery Sledge's affidavit was not sworn to or certified, and it was not signed by him . . . . This affidavit should not, and indeed cannot, be considered as evidence[.]")

5. Just as Ms. Zitka was never identified in discovery, the first exhibit attached to her unsigned declaration (Doc. 93-1 at p. 5) was never provided in discovery and was never even mentioned in FCS's motion for reconsideration. Rather, after **two motions to compel and a motion for a rule to show cause, which was granted** (Doc. 29 - First Motion To Compel, Doc. 55 - Motion for Rule to Show Cause, Doc. 64 - Show Cause Order, Doc. 79 - Third Motion to Compel), FCS has waited until its reply to introduce this document and Ms. Zitka's declaration, thus severely limiting Plaintiff's ability to respond.

2

6. The rule is: "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1). The "sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *David v. Caterpillar, Inc.*, 324 F. 3d 851, 857 (7th Cir. Ill. 2003); *Keachv. U.S. Trust Co.*, 419 F. 3d 626, 639 (7th Cir. 2005).

7. To make matters worse, Ms. Zitka has **no personal knowledge** of the matters to which she attempts to testify. Specifically, she claims to know the meaning of notes taken by an unknown employee of Saab Financial Services during a phone call in February 2008, but Ms. Zitka does not claim to have ever even worked for Saab Financial Services or what her position was in 2008. Rather, she states only that she now works for a company called Ally Financial Servicing, which didn't have any relationship with Saab until 2010. *See Exhibit 1 - Ally's Website*.

8. Affidavits are required to "be made on personal knowledge, . . . setting forth such facts as would be admissible in evidence, and . . . showing affirmatively that the affiant is competent to testify to the matters stated therein." *Drake v. Minnesota Mining & Mfg. Co.*, 134 F. 3d 878, 887 (7th Cir. 1998). Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." *Northwestern Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662-663 (7th Cir. 1994) ("The lawyer's affidavit was not made "on personal knowledge," did not set forth "facts [that] would be admissible in evidence," and did not show that the lawyer is "competent to testify to the matters stated". The attached papers were not "sworn or certified copies"."); *Dannebrog Rederi AS v. M/Y True Dream*, 428 F. Supp. 2d 1265, 1268 (S.D. Fla. 2005) (allowing defendant's motion to strike attorney's affidavit in support of plaintiff's motion for summary judgment). As Ms.

Zitka lacks any personal knowledge about the matters to which purports to testify, her unsigned declaration cannot be considered as evidence.

9. Further, Ms. Zitka's declaration lacks all credibility because the very documents she claims to have knowledge of flatly contradict her purported testimony. The February 29 2008 notes show only that the **Saab employee used caller id** during the call. Ms. Zitka conveniently omits any explanation of the term "CID" in the notes because it flatly contradicts her own purported testimony that Plaintiff voluntarily offered his number to Saab. As such, Ms. Zitka's unsigned affidavit is nothing more than a bogus interpretation of the facts, which contradict the actual call log and Plaintiff's testimony that he did not provide the number to the creditor, and in any case is not based on any personal knowledge.

10. Similarly, FCS attached to its reply an email from Ally's counsel (Michael Socha) to Defendant's counsel (Doc 93-2), who was also never identified in FCS's rule 26(a)(1) disclosures or in FCS's discovery responses and whose communications with FCS have never been produced in discovery. Mr. Socha therefore cannot provide any evidence for consideration to the court even if he submitted a signed declaration.

11. Furthermore, just as Ms. Zitka has no personal knowledge on which to testify about the notes, neither does Ally's counsel, who has not submitted any declaration, apparently did not work as an account representative for Saab Financial, and is merely Ally's litigation counsel.

12. These documents do not come close to complying with any Rule of Evidence or Procedure and should be stricken outright.

13. In the alternative, considering that Plaintiff has only learned of these witnesses and

4

seen these documents for the first time upon reading FCS's reply in support of its motion for reconsideration, Plaintiff should be afforded the opportunity to conduct limited discovery to obtain information from Ally and its representatives to rebut their interpretations of Saab Financial's records in a sur-reply.

14. While plaintiff believes that the issue of consent should be left for summary judgment, plaintiff would like an opportunity to argue not only that FCS' arguments are legal insufficient, but also factually baseless.

15. A this time, Plaintiff does not even know where Ms. Zitka can be found for the service of a subpoena, so will need sufficient time to serve and depose her. Further, when asked on February 27, 2012 to supplement its discovery responses to include its communications with Ally, FCS only that it would "supplement seasonably as the Rules require." Should the Court decline to strike the documents at issue, Plaintiff clearly needs discovery and time to respond thereto

16. At the end of the day, the discovery will again rebut all claims that Plaintiff lacks standing to represent the class because, at most, Saab Financial obtained Plaintiff's cellular telephone number by obtaining it from caller Id, as indicated by the note "CID" during the phone call in question.

WHEREFORE, Plaintiff respectfully requests that the this honorable Court strike exhibits A and B to FCS's Reply in support of its motion for reconsideration or grant Plaintiff leave to file a sur-reply after conducting limited discovery to rebut FCS's assertions about these newly presented documents.

Respectfully submitted,

/s/ Timothy J. Sostrin

Keith J. Keogh
Craig Shapiro
Timothy Sostrin
KEOGH LAW, LTD.
101 N. Wacker, Dr., Ste. 605
Chicago, Il. 60606
312.726.1092/312.726.1093 (fax)
TSostrin@keoghlaw.com

**CERTIFICATE OF SERVICE**

     I certify that on February 27, 2012, I electronically filed the foregoing memorandum via the Court's CM/ECF system, which will perfect service upon the following:

James C. Vlahakis
HINSHAW & CULBERTSON, LLP
jvlahakis@hinshawlaw.com

/s/ Timothy J. Sostrin