IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| VITO A. PESCE, on behalf of himself and all others similarly situated | ) ) | |
| Plaintiff | ) ) | 11-cv-1379 |
| v. | ) ) | Judge Robert W. Gettleman |
| FIRST CREDIT SERVICES, INC. dba ACCOUNTS RECEIVABLE TECHNOLOGIES | ) ) ) | Magistrate Judge Morton Denlow |
| Defendant. | ) | JURY DEMAND |

**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
INTERVENING ADDITIONAL CLASS REPRESENTATIVES INSTANTER**

Plaintiff Vito Pesce and proposed intervenors Kofi Jamison ("Jamison") and Diana Smith ("Smith") respectfully request leave to file a second amended complaint intervening Jamison and Smith as additional class representatives for the Illinois Class already certified by this Court and as representatives of an additional class for persons, like Jamison and Smith, whose cellular telephone numbers were obtained by FCS via skip tracing ("Creditor Class"). In support hereof, Plaintiff, Jamison, and Smith state:

**I.     Brief Procedural History andFacts**

1.     Plaintiff initially sought to represent a national class of persons in the United States whom FCS had called in violation of the TCPA. *See Doc. 22 - Plaintiff's Memorandum In Support of Motion For Class Certification*.

2.     Upon discovering that Defendant's applicable insurance policy, which is a diminishing policy, and net worth could not support meaningful relief to a four year national class, Plaintiff sought and was granted leave to file an amended complaint, which narrowed the proposed class to one year for persons in Illinois only. *See Doc. 23 - Agreed Motion for Leave to File Amended*

*Complaint; Doc. 25 - Amended Complaint; Doc 26 - Amended Class Motion.*

     3.     After extensive briefing by the parties, this Court granted the class motion and certified that this action would proceed on behalf of the Illinois Class defined as:

> all persons within the State of Illinois who, on or after January 1, 2010, and on or before February 28, 2011, received a non-emergency telephone call from defendant to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and where defendant's records do not show that the person provided the number to the defendant or the original creditor.

*See Doc. 71 - Order Certifying Class entered December 19, 2011*.

     4.     On January 20, 2012, Defendant filed a motion for reconsideration of the Court's order certifying the Illinois Class, primarily attacking the Court's findings that Plaintiff, as class representative, had satisfied Rule 23's Typicality and Adequacy requirements. Specifically, Defendant alleges that Plaintiff (1) cannot represent a class of individuals whose numbers were skip-traced by Defendant since Defendant never skip-traced his number, (2) consented to receive calls from Defendant, and (3) has credibility problems rendering him an inadequate class representative. *See Doc. 81- Defendant's Memorandum in Support of Reconsideration*; *Doc. 93 - Reply in Support of Reconsideration*.

     5.     Plaintiff has filed a response and Sur-reply in opposition to Defendant's motion for reconsideration and vigorously disputes each of Defendant's claims that he is atypical or inadequate to represent the Illinois Class. *See Doc. 91 - Response Opposing Reconsideration; Doc. 105 - Sur-Reply Opposing Reconsideration*.

     6.     Nevertheless, to the extent the Court finds any concerns about Plaintiff's ability to represent the class, and in order to protect the claims of unnamed class members, Plaintiff now move to for leave to file an second amended complaint adding proposed intervenors Jamison and Smith

2

as additional class representatives, which will resolve any such concerns as shown below. *See Exhibit 1 - Proposed Second Amended Complaint.*

7. Plaintiff is also concerned that Defendant's extensive motion practice attacking certification has significantly depleted the amount of funds from its insurance policy that will ultimately be available to compensate the class members. As such, Plaintiff's amended complaint is also brought on behalf of the Creditor Class, which is a nationwide class limited to persons whose numbers Defendant skip-traced and then called on behalf of either Ally or Honda.[1] As both Ally and Honda are also liable for the calls Defendant made on their behalf in violation of the TCPA[2], their addition as defendants to this case will ensure appropriate relief for class members and plaintiff will not require any discovery from them as the sole issue is the administrative identification of the Creditor Class ,which was skipped trace by FCS.

## II. Justice Requires Amendment, Which Will not Prejudice Defendant

8. Federal Rule of Civil Procedure 15 governs the amendment of pleadings and provides, in relevant part, that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The Supreme Court has instructed courts to "heed" this mandate, holding that amendments should be freely allowed in the absence of considerations such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Espey v. Wainwright*, 734 F. 2d

---

[1] There is significant overlap between the already certified Illinois Class and the Creditor Class because the Creditor Class includes all members of the Illinois Class whose numbers were skip-traced by Defendant.

[2] 2008 FCC Ruling.

748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); *accord*, *Cement Masons' Pension Fund, Local 502 v. Clements*, 91 C 8032, 1993 U.S. Dist. LEXIS 13938 (N.D.Ill., Oct. 5, 1993).

9. Under Rule 15 a court may permit leave to allow amendment of pleadings even after a [party's] absolute right to amend has lapsed, "freely ... when justice requires." *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002).

10. The core facts and issues set forth in the proposed amended complaint are no different than those already litigated by the parties. In fact, Plaintiff requires **no additional discovery** from the defendants other than the identity of the members of the Creditor Class. To the extent Defendants need any additional discovery, no deadline or trial date has been set. Further, plaintiff already propounded discovery in May 2011 for a broader national class to which FCS responded. Plaintiff submits that it should be relatively easy for FCS[3] to determine the number of persons who may fit within the Creditor Class, which is a much smaller subset of the class discovery plaintiff sought in May 2011.

11. The amendment proposed in this case therefore will not prejudice Defendant. *See Johnson v. Oroweat Foods*, 785 F. 2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); *Hely & Patterson Intern v. F.D. Rich Housing*, 663 F. 2d 419,

---

[3] Prior to seeking to amend the complaint to narrow the class to Illinois and one year, FCS produced a variety of information related to putative class members who were skip traced and was able to produce reports by location and date range. There should be no reason why it cannot do so again especially when the putative class is limited to only two creditors.

426 (3rd Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely."); *Head v. Timken Roller Bearing Co.*, 486 F. 2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

12. Furthermore, justice requires that the Illinois Class, already certified by this Court have adequate class representatives. To the extent the Court has concerns about Plaintiff's ability to represent the certified Illinois Class, the addition of Jamison and Smith as class representatives promotes justice by preserving the class already certified by this Court. *See In United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977), (affirming decision permitting intervention by a class member even after a final judgment denying class certification had been entered)*; Spizziri v. C.I.L, Inc.*, 1994 U.S. Dist. LEXIS 11719, *10 (N.D. Ill. 1994) ("a class action ordinarily should not be dismissed, compromised or abandoned without affording other class members an opportunity to intervene")*, citing* NEWBERG, H.B., CONTE, A., NEWBERG ON CLASS ACTION § 2.26 (3d ed. 1992); *See also, Shahriar v. Smith & Wollensky Rest. Group, Inc.,* 659 F.3d 234, 253 (2d Cir. 2011) ("if, for some reason it is later determined by the court that the representative Plaintiffs are inadequate, the court could substitute another class plaintiff for the representative plaintiff in question"); *In re Initial Pub. Offering Sec. Litig.*, 2008 U.S. Dist. LEXIS 38768, at *9-10 (S.D.N.Y. May 13, 2008)("Courts have generally permitted the addition or substitution of class representatives when there is no showing of prejudice to defendants and such addition or substitution would advance the purposes served by class certification.")

13. Neither Jamison nor Smith are subject to the same attacks Defendant raises

5

against Plaintiff's typicality or adequacy because Defendant obtained both of their telephone numbers from a skip-tracing service, negating Defendant's allegations about typicality and consent[4] nor can Defendant claim any lack of credibility. The intervention of Jamison and Smith as class representatives thus **ensure adequate class representation** and is highly desirable.

WHEREFORE, Plaintiff and proposed intervenors Jamison and Smith respectfully request leave to file a second amended complaint.

                                              Respectfully submitted,
                                              /s/ Timothy J. Sostrin

Keith J. Keogh
Craig Shapiro
Timothy Sostrin
KEOGH LAW, LTD.
101 N. Wacker, Dr., Ste. 605
Chicago, Il. 60606
312.726.1092/312.726.1093 (fax)
TSostrin@keoghlaw.com

## CERTIFICATE OF SERVICE

I certify that on April 4, 2012, I electronically filed the foregoing Motion via the Court's CM/ECF system, which will perfect service upon the following:

James C. Vlahakis
HINSHAW & CULBERTSON, LLP
jvlahakis@hinshawlaw.com

                                              /s/ Timothy J. Sostrin

---

[4] In fact, Jamison is not even the debtor on the account Defendant was attempting to collect, but rather a debtor's family member whom Defendant skip-traced and called repeatedly even though he had never before communicated with the creditor or Defendant about the debt.