**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| VITO A. PESCE, on behalf of himself and all others similarly situated | ) ) | |
| Plaintiff | ) | 11-cv-1379 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| FIRST CREDIT SERVICES, INC. dba ACCOUNTS RECEIVABLE TECHNOLOGIES | ) ) ) | Magistrate Judge Morton Denlow |
| Defendant. | ) | JURY DEMAND |

**MOTION TO CERTIFY THE CREDITOR CLASS**

Proposed intervenors Kofi Jamison ("Jamison") and Diana Smith ("Smith") respectfully request this Court to certify that the claims set forth in their proposed Second Amended Complaint may proceed on behalf of the Creditor Class defined below in addition to the Illinois Class already certified by this Court. In support hereof, Proposed Intervenors Jamison and Smith state:

**I.     Procedural Posture**

1.      On December 19, 2011, this Court granted Plaintiff Pesce's motion for class certification with respect to the Illinois Class.[1] *See Doc. 71 - Order Certifying Class*.

2.      Contemporaneously with this Motion, Pesce and proposed intervenors Jamison and Smith have filed a motion for leave to file a second amended complaint instanter, which adds Jamison and Smith as additional class representatives in order to resolve any possible concerns the Court may have about adequate representation for the Illinois Class, and which is also brought on

---

[1] The Illinois Class is defined as all persons within the State of Illinois who, on or after January 1, 2010, and on or before February 28, 2011, received a non-emergency telephone call from defendant to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and where defendant's records do not show that the person provided the number to the defendant or the original creditor.

behalf of the Creditor Class defined below.

3.     The proposed intervenors file the present motion simultaneously with their motion for leave to amend in order to prevent any attempt by Defendant to moot these claims prior to the Court ruling on the motion for leave to amend. *See Damasco v. Clearwire*, No. 10–3934 (7th Cir. 2011) ("class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs.")

4.     The proposed intervenors request leave to file their memorandum in support of this motion to certify the creditor class if their motion for leave to amend is granted and once their second amended complaint is filed.

**II.    Nature of the Case and the Proposed Class**

5.     Plaintiff Pesce and the proposed intervenors bring this class action to stop defendant's practice of making unauthorized automated phone calls to cellular telephones in violation of the Telephone Consumer Protection Act 47 U.S.C. § 227 (TCPA).

6.     At issue in this case are calls that FCS made to cellular telephones belonging to Plaintiff Pesce, proposed intervenors Jamison and Smith, and the class members as part of debt collection dialing campaigns.

7.     FCS placed all of these telephone calls via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

8.     Defendant placed these calls without "prior express consent" as required by 47 U.S.C. § 227(b)(1)(A).

9.     Defendant did not place these calls "for emergency purposes" as described in 47

2

U.S.C. § 227(b)(1)(A).

10. The FCC has emphasized that both the creditor and the third party debt collector maybe held liable under the TCPA for debt collection calls. ("A creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call….A third party collector may also be liable for a violation of the Commission's rules.") *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559 at ¶10 (Dec. 28, 2007) ("2008 FCC Ruling")

11. FCS's calls to Smith were made on behalf of GMAC.

12. FCS's calls to Jamison were made on behalf of Honda Financial.

13. As such, Jamison and Smith respectfully request the Court to certify a Creditor Class, defined as:

> (1) All persons in the United States (2) to whose cellular telephone number (3) FCS placed a non-emergency telephone call (4) using an automatic telephone dialing system or an artificial or prerecorded voice (5) within 4 years of the second amended complaint (6) with respect to a debt allegedly owed to America Honda or GMAC where FCS obtained the cellular telephone that was called via skip trace methods.

**III.    Requirements for Class Certification**

14. All requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied.

15. The class is so numerous that joinder of all members is impractical. Fed.R.Civ.P. 23(a)(1). This Court has already certified and found numerous the Illinois Class, which is smaller than the nationwide Creditor Class. Although the Creditor Class is limited to numbers that FCS skip traced, FCS has already shown that it skip traced the telephone numbers of approximately 240

persons in Illinois alone during the one year class period. As such, the Court can logically extrapolate that the size of the Creditor Class is larger than 240 persons. Nevertheless, it is not necessary at this point that the precise number of class members be known: "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321, 324 (E.D.N.Y. 1982). The court may "make common sense assumptions in order to find support for numerosity." *Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983). "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential in most cases in order to reach a class determination . . . Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 *Newberg on Class Actions* (3d ed. 1992), §7.22.A.

16.     There are questions of fact or law common to the class, which predominate over any questions affecting only individual members. Fed.R.Civ.P. 23(a)(2), Fed.R.Civ.P. 23(a)(3). These common questions include (1) whether defendant made calls to cellular telephones with an autodialer or artificial or prerecorded voice and (2) whether defendant's conduct was knowing or willful.

17.     Jamison and Smith will fairly and adequately protect the interests of the members of the class. Fed.R.Civ.P. 23(a)(4). They have no conflicting interests with the class, and is seeking relief on the behalf of members of the class and have retained counsel who are experienced in pursuing class actions on the behalf of consumers under the TCPA.

18.     A class action is a superior method for the fair and efficient adjudication of this case. Fed.R.Civ.P. 23(b)(3). The claims are shared by hundreds, if not thousands, of consumers. The resolution of all claims held by members of the class in a single proceeding would promote judicial

efficiency. Furthermore, members of the class may not be aware of their rights under the law to recover from defendant's practices.

19. The Northern District has certified substantially similar classes under the TCPA for calls to cellular telephones in *Balbarin* v. *North Star Capital Acquisition, LLC,* Case No. 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill. Jan. 5, 2011) (Bucklo, l)(motion to reconsider denied on Jan. 21, 2011, Dkt. No. 160), *Mitchem* v. *Illinois Collection Service, Inc.,* 09 C 7274, 2011 U.S. Dist. LEXIS 714 (N.D. Ill., Jan. 3, 2011), and *Pesce v. First Credit Services, Inc.*, 11 C 1379 (N.D. Ill., Dec. 19, 2011). Numerous courts in this District have also certified class actions under the TCPA provision relating to junk faxing, which is premised on the same law and present the same issues. *Paldo Sign & Display Co. v. Topsail Sportswear, Inc.,* 2010 U.S. Dist. LEXIS 125842 (N.D.Ill. Nov. 29, 2010); *Garrett* v. *Ragle Dental Lab., Inc., 2010* U.S. Dist. LEXIS 108339 (N.D.Ill. Oct. 12, 2010); *Targin Sign Systems, Inc.* v. *Preferred ChiroFCSctic Center, Ltd.,* 679 F.Supp.2d 894 (N.D.Ill. 2010); *CEDesign Ltd.* v. *Cy's Crabhouse North, Inc., 259* F.R.D. 135 (N.D.Ill. 2009); *Hinman v. M and M Rental Center* Inc., 545 F. Supp. 2d 802 (N.D. Ill. 2008); and *Brill v. Countrywide Home Loans, Inc.,* 05 C 2713 (N.D. Ill. June 28, 2006).

WHEREFORE, Proposed Intervenors Jamison and Smith respectfully request that this Court enter an order determining that this action may proceed on behalf of the Creditor Class, naming them as the class representatives, and appointing their lawyers as counsel for the class and that Plaintiffs be permitted to file a memorandum in support of this motion if they are given leave to file a second amended complaint.

        Respectfully submitted,
        /s/ Timothy J. Sostrin

Keith J. Keogh
Craig Shapiro
Timothy Sostrin
KEOGH LAW, LTD.
101 N. Wacker, Dr., Ste. 605
Chicago, Il. 60606
312.726.1092/312.726.1093 (fax)
TSostrin@keoghlaw.com

**CERTIFICATE OF SERVICE**

  I certify that on April 4, 2012, I electronically filed the foregoing Motion via the Court's CM/ECF system, which will perfect service upon the following:

James C. Vlahakis
HINSHAW & CULBERTSON, LLP
jvlahakis@hinshawlaw.com

                /s/ Timothy J. Sostrin