**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VITO A. PESCE, on behalf of himself and all others similarly situated<br>　　　　Plaintiff | )<br>)<br>)<br>) | 11-cv-1379 |
| v. | )<br>) | Judge Robert W. Gettleman |
| FIRST CREDIT SERVICES, INC. dba ACCOUNTS RECEIVABLE TECHNOLOGIES<br>　　　　Defendant. | )<br>)<br>)<br>)<br>) | Magistrate Judge Morton Denlow |

**DEFENDANT'S COMBINED MOTION (1) FOR RULE TO SHOW CAUSE FOR VIOLATION OF PARAGRAPH 17 OF THE PARTIES' AGREED PROTECTIVE ORDER (DKT. 43) (2) TO STRIKE PROPOSED SECOND AMENDED COMPLAINT (DKT. 106-1) AND (3) TO STRIKE MOTION TO CERTIFY THE CREDITOR CLASS (DKT. 108)**

Defendant, FIRST CREDIT SERVICES, INC. dba ACCOUNTS RECEIVABLE TECHNOLOGIES ("FCS"), and pursuant to FRCP 37(b)(2) and FRCP 23(a)(4), (g), Moves For a Rule to Show Cause Regarding Plaintiff's Violation of Paragraph 17 of the Agreed Protective Order, Moves to Strike Plaintiff's proposed Second Amended Complaint (dkt. no. 106-1) and Plaintiff's Motion to Certify the Creditor Class (dkt. 108):

**I.     Introduction**

1.     Plaintiff Vito Pesce claims that Defendant violated the Telephone Consumer Protection Act ("TCPA") by calling his cell phone without his consent using an "automatic telephone dialing system." 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff claims that Defendant called his cell phone without his express consent regarding a disputed auto loan debt.

2.     As this Court is aware, Defendant has argued that Plaintiff provided his telephone number to his underlying creditor when Plaintiff (or someone on his behalf) updated his contact information during. While Plaintiff does not dispute that his home number that was provided on

his original auto loan was changed to his cell phone number on or about February 29, 2008, he does not recall doing it, and in his most recent filing he appears to deny doing it. Dkt. 105, pp. 4-5; Dkt. 105-2 (Pesce affidavit).

3. In an effort to avoid having the class decertified, Plaintiff's counsel has identified two proposed class plaintiffs (Kofi Jamison and Diana Smith) to replace Mr. Pesce, has submitted a proposed second amended complaint and has contemporaneously moved to certify a new proposed four-year nationwide class. Dkt. nos. 106, 108. Kofi Jamison seeks to represent a class of skip-traced Honda Finance customers. Diana Smith seeks to represent a class of skip-traced GMAC customers.

4. In doing so, however, Plaintiff's counsel has violated paragraph 17 of the parties' Agreed Protective Order which expressly states that "Plaintiff's counsel agrees that they will not use any putative class list or any other information which may identify putative class members to solicit TCPA or other claim from putative class members against defendant absent court approval." Dkt. 43, pp. 7-8 (attached as **Exhibit A**). Instead following the terms of the Agreed Protective Order, or seeking direction from the Court, Plaintiff's counsel utilized a list of 238 skip traced individuals to contact the proposed named class representatives (and presumably others) and *then* filed a proposed amended complaint. Counsel failed to even acknowledge paragraph 17 of the Agreed Protective Order when he sought leave of court to file the proposed amended complaint.

5. Class counsel seeks to expand the scope of the proposed amended complaint by naming two creditors (GMAC and Honda Finance, current clients of the Defendant) as additional defendants and expanding the scope of the class to a four-year nationwide class. Significantly, proposed class representative Smith was added to bring GMAC into this suit because Mr. Pesce

cannot serve to represent a class of GMAC debtors. Rather, Pesce signed a settlement agreement which *released GMAC for any TCPA claim. See* **Exhibit B**.

6. In light of the violation of paragraph 17 of the parties' Agreed Protective Order this court should **(a)** strike and deny the proposed Second Amended Complaint (dkt. 106-1) **(b)** strike and deny the Motion to Certify the so-called Creditor Class (dkt. 108) and **(c)** prohibit the proposed class plaintiffs from serving as class representatives of either the original or the proposed expanded class (assuming for the sake of argument, that discovery demonstrates that proposed plaintiffs did not consent to being called on their cell phones). If the proposed plaintiffs can state a claim, they can remain as class members of the current class - one year class of Illinois cell phone numbers where the evidence does not demonstrate that the class members consented to being called on their cell phones.

**II.     Standard  Review**

7. It is axiomatic that parties must comply with the protective orders. *Krynicki v. Lopacich,* 983 F.2d 74, 78 (7th Cir.1992) ("litigants ... [must] obey invalid [confidentiality] orders while they are outstanding"). Parties do not have a constitutionally protected right to disseminate information obtained in discovery subject to protective order. *Jepson v. Makita,* 30 F.3d 854, 860-61 (7th Cir.1994).

8. "Rule 23 should neither be used 'as a device to enable client solicitation, nor . . . permitted to be used for that purpose." *Baim & Blank, Inc. v. Warren-Connelly Co.*, 19 F.R.D. 108, 111 (S.D. N.Y. 1956). *See also Taub v. Glickman*, 1970 WL 210, *2 (S.D. N.Y. 1970) ("I do note my disapproval of counsel's unauthorized attempt to indirectly communicate with parties concerning a matter that was then *sub-judice* before me."). In *Kaufman v. American Family Mutual Ins. Co.*, 601 F.3d 1088, 1090-93 (10th Cir. 2010) the court affirmed the district court's

130323259v1 0922494

award of sanctions where proposed class counsel used the defendants files that were subject to a protective to solicit clients. After the defendant learned that six of the thirteen individuals had retained the proposed class counsel as their attorney, they moved for sanctions and the individuals were deposed. At least one of the individuals testified that he was asked if he wanted to participate in the lawsuit and that proposed counsel could represent him. *Id*. 1091. Significantly, in affirming the district court's finding that attorney's conduct when beyond witness interviews, the appellate court rejected the attorney's argument that the language of the protective order did not expressly prohibit him from soliciting clients. *Id*. 1093.[1] Here, the language of the Agreed Protective Order is even stronger, while Paragraph 17 contemplates contacts with witnesses, it expressly states that "Plaintiff's counsel agrees that they will not use any putative class list or any other information which may identify putative class members to solicit TCPA or other claim from putative class members against defendant absent court approval." Ex. A, ¶ 17.

9.      Pursuant to Rule 37(b), this Court has authority to enter appropriate sanctions for the misuse of confidential information. *See, e.g., Whitehead v. Gatewway Chevrolet Oldsmobile*, 2004 WL 316413, *3 (N.D. Ill. 2004) (awarding $15,202 in attorney's fees against an attorney who improperly utilized confidential documents that we subject to a protective in a subsequent case). *See also*, *American Nat'l Bank and Trust Co. of Chicago v. AXA Client Solutions, LLC*, 2002 WL 1067696, *3 (N.D. Ill. 2002) (Rule 37(b) sanctions of attorney's fees and expenses

---

[1] The district court disagreed with the plaintiff's claims that his attorney's conduct merely amounted to "interviewing witnesses". 2008 WL 1806185, *6. Rather the court concluded that "[t]he evidence indicates that the primary purpose of the telephone calls was to solicit additional named plaintiffs; the deposition testimony demonstrates that there was little interviewing about the claimaint's case . . . ." *Id*.

4

awarded based on violation of agreed protective order); *Kaufman*, 601 F.3d 1 1090-93 (10th Cir. 2010).

10. In *Creative Montessori Learning Centers v. Ashford Gear LLC*, 662 F.3d 913 (7th Cir. 2011), the Seventh Circuit held that misconduct of class counsel by misusing a hard drive that identified potential TCPA class members in another proceeding could warrant the denial of class certification. 916-17 ("class counsel have demonstrated a lack of integrity that cast serious doubt on their trustworthiness as representatives of a class", citing FRCP 23(a)(4), (g)).

11. Class counsel has duties "akin to [those] of a fiduciary to the absent class members," such that this Court must "scrutinize" the character of counsel retained by the named plaintiff. *Wagner v. Lehman Bros*, 646 F.Supp. 643, 661 (N.D. Ill. 1986). In *Wagner*, the district court stated that "[r]eference to counsel's unethical and improper actions is sufficient to find that he cannot adequately represent the putative class in accordance with his fiduciary duties" even where there was no finding that counsel had violated any disciplinary rule. *Id*. (citations omitted). *See also*, *Creative Montessori*, 662 F.3d at 918 (remanding case and stating that "misconduct by class counsel that creates serious doubt that counsel will represent the class loyally requires denial of class certification.").

### III. Argument

12. The parties hotly dispute whether Vito Pesce is an adequate class member and whether he consented to being called on his cell phone. This case should rise or fall on whether Vito Pesce has standing to assert a claim – and not whether the *potential* class representatives <u>improperly</u> identified in discovery actually have standing to assert a claim. *See, e.g., Robinson v. City of Chicago*, 868 F.2d 959, 968 (7th Cir. 1989) ("a class will not be certified unless the named plaintiff has standing at that time.").

### A. Plaintiff's Counsel Cannot Use a List of Potential Class Members to Remedy Mr. Pesce's Shortcomings as a Class Representative

13. Mr. Pesce's claims are weak and Class counsel should not be allowed to use a list of *potential* class members to find a substitute plaintiffs. Rule 23 is not intended to allow class counsel to **(a)** assert a cause of action without properly vetting out the client, **(b)** discover that the proposed plaintiff is potentially inadequate, and **(c)** use discovery to find an alternative class member when the original member's qualifications are called into question.

14. The motion to amend suggests that the replacement plaintiffs were identified to preserve the rights of the absent class members, but it is important to note that it also protects the interest of counsel. The TCPA does not have a fee shifting provision like other consumer rights statutes so the only way class counsel can get paid is to seek certification of a large class and its share of a "common fund" settlement. Counsel should not get a "do over" because of problems with the client. In light of the pending motion to reconsider, it seems clear that the primary reason to contact the proposed class members was for the purpose of finding replacement plaintiffs, and not to simply "interview" them. *See Kaufman*, 2008 WL 1806185, *6.

### B. Plaintiff's Counsel Should Not Be Allowed to Expand the Class

15. Discovery produced in this case was improperly used to identify two proposed class plaintiffs in an expansive amendment to the current class – from a 1 year Illinois based class to a 4 year nationwide class involving two creditors.[2]

---

[2] Plaintiff overstates the case by ignoring that discovery may demonstrate that one of the proposed class representatives consented to being called on his or her cell phone. If that is true, Plaintiff should not be allowed use the list of skip traced individuals to fish for another class representative, and such a result would demonstrate why TCPA actions (which rest entirely on consent) should not be certified and why discovery should not be abused to find class representatives. Here, too many individual inquires exist, as demonstrated in the battle over Mr. Pesce. If Plaintiff's Motion to Certify is granted, a similar factual battle will begin anew.

16. Moreover, class counsel used the skip trace list to identify a GMAC debtor because Mr. Pesce cannot serve to represent a class of GMAC debtors. Rather, Pesce signed a settlement agreement which *released GMAC for any TCPA claim. See* Exhibit B. In light of Pesce's release, it is clear that Mr. Pesce's counsel improperly used the skip-trace list to identify a person who had a debt with GMAC.

17. The violation of the Agreed Protective Order should prohibit class counsel from expanding the presently certified class by adding two additional new creditor defendants and a broader, four year nation-wide class. If the proposed plaintiffs are truly members of the Illinois skip-trace class, they will continue to be class members to the extent that this Court finds that Vito Pesce is an adequate class member. However, there is no "right" to represent a class and they should not be allowed to be class representatives now or in the future. To allow such a remedy would reward the violation of the Agreed Protective Order and seriously harm Defendant who has expended great resources in demonstrating that Vito Pesce lacked standing or was otherwise an inadequate class member. Rule 23 does not provide for "do-overs" where a class member if found to lack standing. Accordingly, there is no harm in allowing these putative plaintiffs to maintain individual claims only.

      **C.**    **Plaintiff's Counsel Should Have Sought Leave of Court to Find a New Plaintiff Before Unilaterally Violating the Protective Order**

18. Plaintiff's counsel suggested to this Court on April 10, 2012, that he did not violate the Protective Order because he thought that this Court had suggested that he should amend the complaint to add a new Plaintiff. To the extent that Plaintiff's counsel later argues that he did not "solicit" the proposed class representatives, in light of the language of the Protective Order, counsel should have erred on the side of caution and asked the Court for permission to find a replacement plaintiff. That was not done.

7

19. Since the issue of solicitation was not occasioned by Defendant's conduct, the proposed nationwide class should be stricken with prejudice.

**IV. Additional Remarks**

20. In bringing this Motion, Defendant reserves the right to argue in a subsequent filing that the proposed class representatives do not and/or cannot state a claim under the TCPA. If it turns out that one or more of the proposed class representatives do not have standing, there can be no dispute that discovery process has been abused in an improper race to the court house.

21. In addition to filing this present motion to strike, Defendant will also argue that the existence of a group of skip-traced individuals does not support the certification of a those individuals as class members. Rather, individual inquires still will exist for each class member. Consistent with FRCP 11, the creditor records indicate that certain skip traced individuals actually provided their subject cell phone numbers to their creditors. They also provided consent to Defendant to being called on their cell phones. These individual inquires go *against* class certification.

**V. Conclusion**

22. Class counsel violated the terms of the protective order in an effort to find substitute class members. Rule 23 should not be used in this way. Instead, this Court should issue an order **(a)** striking Plaintiff's proposed Second Amended Complaint (dkt. no. 106-1), **(b)** striking Plaintiff's Motion to Certify the Creditor Class (dkt. no. 108), **(c)** prohibiting both proposed class representatives from serving as class representatives, and **(d)** by awarding any other necessary and just relief in favor of Defendant.

130323259v1 0922494

By: /s/*James C. Vlahakis*
One of the Attorneys for Defendant,
FIRST CREDIT SERVICES, INC.

David M. Schultz
James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No: (312) 704-3000
Fax No: (312) 704-3001
dschutlz@hinshawlaw.com
jvlahakis@hinshawlaw.com

9

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2012, I electronically filed the above notice of motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ James C. Vlahakis
James C. Vlahakis
Hinshaw & Culbertson LLP
Attorney for Defendant
222 North LaSalle, Suite 300
Chicago, IL 60601
tel 312-704-3715

130323259v1 0922494