## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into as of September 8, 2011 (the "Effective Date") by and between, on the one hand, Vito A. Pesce ("Plaintiff" or "Pesce"), and on the other, Nuvell Credit Company, LLC ("Defendant" or "Nuvell"). Plaintiff and Defendant are collectively referred to as the "Parties."

## RECITALS

A. On or about June 25, 2005, Pesce entered into a lease for a 2005 Saab vehicle, model 9-3 (the "Lease").

B. On or about March 19, 2008, Pesce attempted to terminate the Lease.

C. Sometime after February 10, 2010, Nuvell reported to credit reporting agencies a debt owed by Pesce.

D. On February 28, 2011, Pesce commenced an action against Nuvell in the United States District Court for the Northern District of Illinois captioned *Pesce v. Nuvell Credit Company, LLC*, Case No. 11-cv-1380, which alleges that Nuvell violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* by improperly reporting Pesce's debt to the credit reporting agencies (the "Litigation").

E. On April 5, 2011, Nuvell filed in the Litigation its *Answer, Affirmative Defenses, and Counterclaim*, in which it alleges that Pesce breached the Lease by failing to satisfy his payment obligations to Nuvell arising from an early termination of the Lease (the "Counterclaim").

F. The parties now desire to fully and finally compromise, settle and discharge pursuant to the terms hereof any and all claims, controversies, demands and disputes between them concerning the Litigation, the facts alleged or asserted in the complaint, or any facts, claims, counterclaims, or defenses that were or could have been alleged or asserted by any of the parties in the Litigation, without any admission of any kind regarding the merits of any claim or defense. In so fully and finally compromising, settling and discharging all claims, controversies, demands and disputes between them pursuant to the terms hereof, each party has concluded that it is in his or its best interest to settle all differences, disagreements, and disputes as hereinafter set forth and desires to enter into this Agreement pursuant to the terms set forth herein.

## TERMS AND CONDITIONS

1. The foregoing recitals are an integral part of this Agreement and are incorporated herein by reference.

2. <u>Payment and Credit Reporting Obligations</u>

Within fourteen days (14) of the execution of this Agreement by Pesce, Nuvell shall pay to Pesce a total of TEN THOUSAND dollars ($10,000.00) by check made payable to "Keogh Law Client Trust Account" and provide a fully-executed copy of the Agreement (the "Obligation"). The Obligation shall be made by Nuvell to Pesce by delivering a check and fully-executed copy of the Agreement to Pesce's attorneys at the address identified in paragraph 16.

Defendant agrees that Plaintiff's account described in the Counterclaim has been and/or will be closed with a zero balance. Defendant shall not issue or otherwise send an Internal Revenue Service Form 1099 to the Internal Revenue Service, Plaintiff, or any other person or entity regarding the account and balance described in the Counterclaim, as such account and balance are disputed by Plaintiff.

Within 14 days of the Effective Date, Defendant agrees to submit a request to each of the credit reporting agencies to which it has previously furnished information regarding Pesce's account and balance described in the Counterclaim to delete or otherwise remove all negative information for the account and balance described in the Counterclaim.

Plaintiff understands that the credit reporting agencies are separate and distinct entities from the Defendant and that Defendant can only request, but cannot guarantee that the credit history will be amended as requested. However, Plaintiff may dispute the entry with the credit reporting agencies and provide a copy of this Agreement of the exhibit in support of that dispute. In the event of any reappearance of negative information on Plaintiff's credit reports subject to this Agreement, Plaintiff shall notify Defendant in writing, including a reference to the settlement of this Lawsuit, as set forth in paragraph 16. Plaintiff further agrees that he will provide such notice thirty (30) days prior to filing any lawsuit and that she shall only file such lawsuit against Defendant if Defendant refuses or fails to contact the credit reporting agencies during that thirty (30) day time period to request that the disputed information be removed from Plaintiff's credit reports consistent with this Agreement.

3. <u>Dismissal of the Litigation</u>

Within seven (7) days of Pesce's attorneys' receipt of the Obligation, the parties will file a joint stipulation requesting that the Court: (1) dismiss Pesce's claims in this Litigation with prejudice and without costs, and (2) dismiss Nuvell's counterclaim in this Litigation with prejudice and without costs. The parties consent to the Court retaining jurisdiction over the parties and this Agreement as necessary to enforce the Agreement and agree to request the Court to do so.

4. <u>Release – Plaintiff</u>

Plaintiff, together with his predecessors, parents, subsidiaries, affiliates, principals, successors and assigns, and their officers, directors, employees, attorneys and agents, (the "Plaintiff Releasors") hereby release Nuvell, together with its predecessors, parents, subsidiaries,

affiliates, related entities, principals, successors and assigns, and their officers, directors, employees, attorneys, and agents (the "Defendant Releasees") from any and all claims, demands, judgments, costs, fees and expenses, and causes of action, whether in law or in equity, whether under contract, statute or common law, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, fixed or contingent, which the Plaintiff Releasors ever had, now have, or hereafter may have against the Defendant Releasees by reason of any action, omission, event, cause, matter or thing whatsoever, from the beginning of time up to and including the Effective Date of this Agreement, and all of the consequences or damages which may result, or be alleged to result in the future, even though the same are not presently known and even though there is no reason to believe they may occur. Notwithstanding the foregoing, the parties agree that nothing in this Agreement shall be deemed to be a release by Plaintiff of First Credit Services, Inc. for any claim, claims, or any other thing whatsoever including, but not limited to, claims contained in the complaint or subsequent amended complaints in the case captioned *Pesce v. First Credit Services, Inc.*, Case No. 1:11-cv-1379 (N.D. Ill.). **No provision of this Agreement shall be construed to limit, waive or release any claim that any party otherwise might hereafter assert for any act or omission subsequent to the Effective Date and/or arising under the terms of this Agreement.**

5.  Release – Defendant

Nuvell hereby releases Plaintiff, together with his predecessors, parents, subsidiaries, affiliates, related entities, principals, successors, and assigns, and their officers, directors, employees, attorneys and agents, (the "Plaintiff Releasees") from any and all claims, demands, judgments, costs, fees, expenses, causes of action, and any liability whatsoever arising from the allegations set forth in the Counterclaim, including but not limited to any claims or causes of action relating to the Lease. **No provision of this Agreement shall be construed to limit, waive or release any claim that any party otherwise might hereafter assert for any act or omission subsequent to the Effective Date and/or arising under the terms of this Agreement.**

6.  Covenant Not to Sue

The parties and their respective Releasors covenant not to file any lawsuit, complaint, claim, or charge, on their behalf or in any representative capacity, in any state or federal court or before any federal, state, or local administrative agency, board, or governing body against the other party or its respective Releasees, or any of them, on and/or for any and all of the claims released by this Agreement. The parties hereby stipulate, agree, and waive any objection to the entry of a preliminary and permanent injunction in order to enforce the terms of this paragraph.

7.  Consultation With Counsel

Each party to this Agreement hereby represents and warrants that he or it has consulted with his or its respective attorney(s) regarding the terms of this Agreement and that he or it has executed this Agreement after receiving advice from his or its attorney(s).

8.  No Representations Except as Stated Herein

Each party represents and warrants that no other party has made any promise, representation or warranty, express or implied, not contained herein, concerning the subject matter of this Agreement to induce he or it to execute this Agreement, and that this instrument was not executed in reliance on any such promise, representation, or warranty.

9. Amendments

No amendment, waiver, or modification to this Agreement shall be valid unless in writing, signed by an authorized signatory of the parties affected thereby.

10. Voidable Provisions

If any provision of this Agreement is held to be invalid, void, or unenforceable, the balance of the provisions will, nevertheless, remain in full force and effect and will in no way be affected, impaired, or invalidated. The parties agree that to the extent any provision of the Agreement is held to be invalid, void, or unenforceable as written, if such provision could be more narrowly drawn so as not to be invalid, void, or unenforceable, then it shall be so narrowly drawn, without invalidating the remaining provisions of the Agreement.

11. No Waiver

No provision of this Agreement may be waived, modified, or amended except by written agreement executed by the parties. No waiver by any party hereto of any failure by any other party to keep or perform any covenant or condition hereof shall be deemed to be a waiver of any preceding or succeeding breach of the same or any other covenant or condition. The failure of a party to insist upon strict adherence to any obligation of this Agreement shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

12. Governing Law

ALL QUESTIONS CONCERNING THE CONSTRUCTION, VALIDITY, ENFORCEMENT AND INTERPRETATION OF THIS AGREEMENT SHALL BE GOVERNED BY THE INTERNAL LAW OF THE STATE OF ILLINOIS WITHOUT GIVING EFFECT TO ANY CHOICE OF LAW OR CONFLICT OF LAW PROVISION OR RULE (WHETHER OF THE STATE OF ILLINOIS OR ANY OTHER JURISDICTIONS) THAT WOULD CAUSE THE APPLICATION OF THE LAWS OF ANY JURISDICTIONS OTHER THAN THE STATE OF ILLINOIS.

13. General

All pronouns and any variations thereof contained herein shall be deemed to refer to the masculine, feminine, neuter, single, or plural, as the context may require. No principle of strict construction shall be applied for or against any party in the construction of the Agreement. The

section headings in this Agreement are for convenience only; they form no part of this Agreement and shall not affect its interpretation.

14. <u>Successors and Assigns</u>

This Agreement is intended to bind and inure to the benefit of and be enforceable by each of the parties and their respective heirs, successors and assigns.

15. <u>No Party the Drafter</u>

Each party and counsel and/or representative for each party to this Agreement has reviewed and revised this Agreement and, accordingly, no party shall be deemed the drafter of this Agreement.

16. <u>Notice</u>

Any notice provided for in this Agreement shall be in writing and shall be either personally delivered or sent by reputable overnight courier service, to the recipient at the address indicated below:

**Notices to Plaintiff:**

> Keith J. Keogh, Esq.
> Craig Shapiro, Esq.
> Keogh Law, Ltd.
> 101 N. Wacker Drive, Suite 605
> Chicago, IL 60606
> Email: keith@keoghlaw.com
> *Counsel for Plaintiff*

**Notices to Defendant:**

> Thomas E. Dutton, Esq.
> Jason B. Elster, Esq.
> Greenberg Traurig, LLP
> 77 West Wacker Drive, Suite 3100
> Chicago, IL 60601
> Email: duttont@gtlaw.com
> *Counsel for Defendant*

or to any other address as to any of the parties hereto, as such party shall designate in a written notice to the other parties hereto. All notices sent pursuant to the terms of this Paragraph shall be deemed received (i) if personally delivered, then on the date of delivery, or (ii) if sent by overnight, express carrier, then on the next federal banking date immediately following the day

sent. If a party cannot be found at the address provided for notice or refuses to accept delivery of a notice, then notice shall be given by leaving a copy at the address provided for notice.

\* \* \*

17. Counterparts

This Agreement may be executed in multiple counterpart copies and by facsimile or emailed signatures, each and all of which will be deemed an original.

Dated: September _8_, 2011

_Vito A. Pesce_ _(signature)_

**Nuvell Credit Company, LLC**

Dated: September ___, 2011

By: _Donna M. DiCicis_ _(signature)_
Its: _Assistant Secretary_