IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VITO A. PESCE, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 11 C 1379 |
| v. | ) ) | Judge Robert W. Gettleman |
| FIRST CREDIT SERVICES, INC., d/b/a Accounts Receivable Technologies, | ) ) ) | |
| Defendant. | ) | |

## **ORDER**

For the reasons stated on the record this date, it is hereby ordered:

1. Defendant's motion (Doc. 81) to reconsider the order granting class certification is granted. The class certified was too broad because it included as class members persons who received a non-emergency telephone call from defendant to a cellular telephone through the use of an automatic telephone dialing system or artificial or prerecorded voice when the original creditors' records show that the person provided the cell phone number to the creditor but defendant's records do not. Accordingly, the court decertifies the class certified on December 19, 2011 in Docket No. 71.

Additionally, the court concludes that plaintiff is not a proper class representative because his individual issues predominate over any class-wide issues. It is now clear that plaintiff called his original creditor from his office telephone on the date that the creditor's records indicate that it was given plaintiff's cell phone number. Plaintiff denies giving the creditor his cell phone number, but it is undisputed that he no longer had a home phone at that time. This raises a contested issue as to whether plaintiff is a member of the class he sought to

represent. Therefore the court declines to certify a class and the case must proceed as an individual action.

      2. Plaintiff's motion to file a second amended complaint (Doc. 106) and plaintiff's motion to certify a creditor class are denied. The motions seek to add new named plaintiffs who have a different claim than does plaintiff because their numbers were allegedly obtained by defendants through a skip trace. Because the court has decertified the original class these new plaintiffs have no right to intervene – their interests are not being affected by plaintiff's individual action. Fed. R. Civ. P. 24(a)(2). They may bring their own action against defendant, but they cannot bring their claims as part of the instant action.

      3. Defendant's combined motion (Doc. 111) for rule to show cause for violation of protective order; to strike motion to amend complaint and to strike motion to certify is denied. Plaintiff did not violate the protective order because the document in question was not marked confidential as required to be protected by the order. The motions to strike are denied as moot as a result of the court's ruling in ¶2 above.

      4. This matter is set for a report on status on June 20, 2012, at 9:30 a.m.

**ENTER:**    **June 6, 2012**

                                                  **Robert W. Gettleman**
                                                  **United States District Judge**